United States District Court
Southern District of Texas
**ENTERED**
August 23, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL ESTRADA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:20-CV-1646 |
| § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE § | |
| and § | |
| SERGEANT HEIMBUCK, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Michael Estrada, an inmate in the Texas Department of Criminal Justice ("TDCJ"), proceeding *pro se*, filed suit under 42 U.S.C. § 1983. He alleges that defendant Christopher Heimbuck, a Corrections Sergeant at the TDCJ's Ferguson Unit, used excessive force against him and denied him medical treatment in violation of his Eighth Amendment rights. The Court *sua sponte* dismissed the TDCJ as a defendant. Heimbuck moved for summary judgment. Estrada did not respond to the motion. Based on the pleadings, the motion, the record, and the applicable law, Heimbuck's motion is granted.

**I.    Background**

On August 7, 2019, Estrada was escorted to the unit infirmary for a physical. While there, Estrada failed to comply with orders and was placed in an observation cell. After being placed in the cell, Estrada refused to comply with an order to release his handcuffs and demanded to speak to a captain. Due to his non-compliance and suicidal ideations, Estrada was required to relinquish his clothing. He was given a paper gown and placed on direct observation. Complaint (Doc. # 1) at 2; Motion for Summary Judgment (Doc. # 15), Exh. B at 8; Exh. C at 8.

Heimbuck and two others responded to a call when Estrada attempted to strangle himself with his paper gown.  Complaint at 2, Motion for Summary Judgment Exh. B at 8, Exh. C at 8.  The responding personnel entered the cell, and Estrada punched one of them.  The officers then used physical force to restrain Estrada.  Complaint at 2-3; Motion for Summary Judgment, Exh. B at 8.  Due to Estrada's refusal to cooperate, a medical screening had to be conducted through the cell door.  *Id.*, Exh. C at 8.  Estrada complained of injury to his right hand and face. Medical personnel noted no redness or swelling on his hand, and a small amount dried blood and bruising around his eyes.  Motion for Summary Judgment Exh. B at 8, Exh. C at 8.

## II.     Standard of Review

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).  Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

> If the movant . . . meet[s] th[e] burden [of demonstrating the absence of a genuine issue of material fact], the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.
>
> This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by "unsubstantiated assertions, or by only a scintilla of evidence.  We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted

> evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotation marks omitted).

**III.     Analysis**

Heimbuck argues that Estrada failed to exhaust his available administrative remedies before filing this lawsuit. Before bringing a federal lawsuit challenging prison conditions, a prisoner must first exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199 (2007).

> The Texas prison system has developed a two-step formal grievance process. The Step 1 grievance, which must be filed within fifteen days of the complained-of incident, is handled within the prisoner's facility. After an adverse decision at Step 1, the prisoner has ten days to file a Step 2 grievance, which is handled at the state level. This court has previously held that a prisoner must pursue a grievance through both steps for it to be considered exhausted.

*Johnson v. Johnson,* 385 F.3d 503, 515 (5th Cir., 2004) .

TDCJ records show that Estrada filed five grievances concerning the events giving rise to this lawsuit, but only proceeded to Step 2 on two of those. *See* Motion for Summary Judgment, Exh. A at 2-15. One of the Step 2 grievances complained about a finding of guilt in a related disciplinary case. *See id.* at 8-9. The other one mentions the alleged use of excessive force, but objects to a classification committee decision to reclassify Estrada to G-5 custody status. *See id.* at 6-7. Because Estrada failed to exhaust the grievance process with regard to his excessive force claim, Heimbuck is entitled to summary judgment.

IV. **Conclusion and Order**

For the foregoing reasons, Heimbuck's motion for summary judgment (Doc. # 15) is GRANTED and this case is dismissed with prejudice.

It is so ORDERED.

SIGNED on this 23rd day of August, 2021.

_____
Kenneth M. Hoyt
United States District Judge